6560.

## JAMISON v. SOUTHERN RAILWAY.

CARRIER—FREIGHT—PENALTY.—To recover penalty provided by 24 stat., 671, for failure to ship promptly, it is not necessary that shipper require carrier to insert in bill of lading "prompt shipment required" if he can show such notice to the carrier by any other competent proof to the satisfaction of the Court.

Before KLUGH, J., Richland, July, 1906.    Affirmed.

Action by Maggie Jamison against Southern Railway. From Circuit order affirming judgment of Magistrate Moorman, defendant appeals.

*Messrs. B. L. Abney* and *Jno. P. Thomas, Jr.,* for appellant. *Mr. Thomas* cites: *Statutes of this nature are strictly construed:* 5 Wheat., 76; 52 At. R., 294; End., sec. 329; 50 Pa. St., 201; 26 S. C., 294; 53 S. C., 500; 71 S. C., 274.

*Messrs. Jas. H. Fowles, Jr.,* contra, cites: *To construe a statute is to arrive at the legislative intent:* 26 Ency., 608; 149 U. S., 304; 143 U. S., 457; 28 S. C., 521; Bail. Eq., 208.

June 12, 1907. The opinion of the Court was delivered by

MR. JUSTICE JONES. The defendant appeals from the judgment of the Circuit Court affirming the judgment of a magistrate to recover damages and penalty for unreasonable delay in the transportation of freight under the provisions of the act of 1904, 24 Stat., 671.

The freight, consisting of household furniture, was delivered to defendant at Winnsboro, on February 2, 1906, for transportation to Columbia, S. C., a distance of about thirty-eight miles, for which plaintiff received a bill of lading. The bill of lading did not contain the words "prompt shipment required," but the plaintiff testified that she told the agent's clerk that she was compelled to have the goods right away, and that she assured her the goods would reach Columbia that night by 12 o'clock. Defendant's agent testified that plaintiff asked him when he could get the goods off and that he told her he thought he could get it off that night, the agent further testified that he had no notice whatever that prompt shipment was required, that at that time traffic was heavy and cars scarce, that the freight left Winnsboro on the 8th of February, a defective car being in the way of getting the car containing the freight on the main

line, that a freight train ought to go in a day from Winnsboro to Columbia. The freight arrived at Columbia on the 14th, and was received by plaintiff next day. There was evidence that plaintiff was damaged to the extent of five dollars and thirty-four cents, as found by the magistrate. In addition to this, the magistrate gave judgment for forty-five dollars penalty.

The question presented by the exceptions is whether the notice given for prompt shipment was sufficient to bring the case within the statute.

Section 1 of the statute provides that "* * * all railroad companies doing business in this State shall transport to its destination all freight received by them for transportation within this State within a reasonable time after receipt thereof, not exceeding the following times after midnight of the day of the receipt thereof, to wit: Between points not over one hundred miles apart, seventy-two hours; * * * The nearest route by railroad shall be taken in each case as the distance between the points: *Provided,* That notice be given to the receiving company that prompt shipment of such freight is required, and when requested, such company shall insert in the bill of lading the words, 'Prompt shipment required,' which shall be conclusive evidence of such notice. * * *"

Sec. 2. "That any such company failing to comply with the provisions of this act, except for good and sufficient cause, the burden of proof of which shall be on the company so failing, shall be subject, in addition to the liabilities and remedies now existing for unreasonable delay in the transportation of freight, to a penalty of five dollars per day for every day of delay in excess of the time hereinbefore limited * * *."

There being some evidence of notice that prompt shipment was required, the conclusion of the Court affirming that of the magistrate finally settles the fact that such notice was given. It is contended, however, that the statute requires as a condition of the penalty, not only that such notice be given,

but that the shipper must request that the words "prompt shipment required" be inserted in the bill of lading. While the statute being penal, should receive a reasonably strict construction, we cannot agree with the view of appellant. It is sufficient to bring the case within the statute for the shipper to show to the satisfaction of the Court that the receiving carrier had definite notice that prompt shipment was required. The shipper may or may not request that the words "prompt shipment required" be inserted in the bill of lading. The statute merely makes it the duty of the carrier to insert such words in the bill of lading when requested, but does not require the shipper to make such request as a condition to the recovery of the penalty provided. When these words are inserted, they become *conclusive* evidence of such notice, but this does not prevent the shipper from proving that notice was given by other competent evidence.

The judgment of the Circuit Court is affirmed.